## SAPULPA CO. v. KIMBALL & READING.

No. 6195—Opinion Filed June 6, 1916.

(158 Pac. 935.)

### 1. Witnesses — Cross-Examination — Mathematical Calculation.

Counsel for plaintiff in error on cross-examination sought to have one of the defendants in error to compare certain gin weights of the cotton with the compress weights thereof, and to make the mathematical calculation and state the result, to which manner of cross-examination objection was made by defendants' counsel, which objection the court sustained. Held, not error.

### 2. Warehousemen — Negligence — Question for Jury—Evidence—Weighing of Cotton.

There is evidence in the record tending to show negligence on the part of the compress company in the weighing of the cotton, and as a result thereof damage to the defendants in error. Held, the court did not err in submitting this issue to the jury.

### 3. Same—Proximate Cause of Damage.

The undisputed testimony shows that there was a general custom among cotton men that cotton was sold and purchased and final settlement to be made upon the compress weights. Plaintiff in error had knowledge of this custom. Held, that damage resulting from the negligence in weighing the cotton was the proximate cause of the injury.

(Syllabus by Linn, C.)

Error from County Court, Creek County; Warren H. Brown, Judge.

Action by Kimball & Reading against the Sapulpa Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Smith & Walker, for plaintiff in error.

Hughes & Miller, for defendants in error.

Opinion by LINN, C. The defendants in error filed their bill of particulars in the justice of the peace court in Creek county, claiming damages by reason of the negligence of the plaintiff in error in the weighing of certain cotton which had been compressed by said plaintiff in error. It was claimed by the defendants in error that under a well-established custom they sold the cotton to a certain concern in Oklahoma City upon gin weights, but guaranteed the compress weights, which were to be the final test for the weight of the cotton. Upon a trial before the justice of the peace, defendants in error recovered a judgment for the amount sued for and upon appeal to the county court the cause was tried to a jury, judgment was rendered in favor of the defendants in error in the sum of $81.49, the amount sued for, and interest. From this judgment plaintiff in error prosecutes an appeal by filing petition in error with case-made attached. The

following assignments of error are alleged, to wit:

(1) The court below erred in overruling the motion of the defendant for a new trial. which was duly excepted to by the defendant at the time. (2) Errors of law occurring at the trial, and excepted to by the defendant. (3) The verdict of the jury is not sustained by sufficient evidence, and is contrary to law. (4) The court erred in admitting evidence that was illegal, incompetent, and immaterial over the objections of the defendant, and excepted to by it at the time. (5) The court erred in refusing to admit legal and competent evidence offered by the defendant, to which ruling it excepted at the time. (6) The court erred in refusing to give instructions requested by the defendant, and to which ruling it excepted at the time. (7) The court erred in giving instructions the jury, objected to by said defendant, and to which ruling the defendant excepted at the time. (8) The court erred in overruling the demurrer of the defendant to the evidence of the plaintiff, and to which ruling it excepted at the time. (9) The court erred in refusing the peremptory instruction, requested by the defendant, to which ruling of the court the defendant excepted at the time.

The testimony on the part of the defendants in error tended to show that the cotton which was weighed by the compress company prior to a certain date almost invariably lost on the gin weight. Upon an investigation, it was ascertained that the pea, or weight, used on the scales in weighing the cotton was one ounce heavier than the standard weight, and that this would necessarily show the cotton to weigh a little less than its actual weight. This pea, or weight, was weighed several times in comparison with another pea by one of the defendants in error and the manager of the plaintiff in error. On the first day on which they were weighed it weighed the same on several different scales. A second test was made two or three days later, and it and the other pea weighed in comparison with it weighed one ounce lighter than on the first test. There was but little controversy about this state of facts. The manager of the compress company admitted that it was usual for cotton men to sell their cotton and final settlement to be made upon the compress weights. The issue as to the discrepancy in the weight and as to the negligence of the defendant company was submitted to the jury under instructions of the court.

Counsel first present assignments 2, 4, and 5. Under these assignments it is first contended that the court committed error in sustaining objection of counsel for defendants in error to the manner of cross-examination of the witness. In the cross-examination counsel sought to have one of the defendants in error to identify certain shipments and to compare the weights of the compress with the weights of the gin and to show the result of this comparison. These weight sheets were introduced in evidence, and the court or jury could compare the same and determine the result without having the witness to specifically make the comparison under cross-examination. We are unable to see how the rights of the compress company were prejudiced by this ruling.

Under the next division of the assignments of error discussed counsel present assignments 3 and 8, which involve the question as to the sufficiency of the evidence to sustain the verdict of the jury, and No. 8 relates to the action of the court in overruling the demurrer to the evidence of the defendants in error. Counsel contend that the relation of bailor and bailee existed between the plaintiffs and defendant, which contention the defendants in error did not controvert. Neither does counsel for the defendants in error controvert the ruling governing the relation of bailor and bailee as contended for by counsel for plaintiff in error. We are of the opinion that, the evidence sufficiently tending to show want of ordinary care in the compress company to submit this issue to the jury and the jury having found the issue against the compress company, the finding is binding upon this court, and we cannot say under the state of facts before the trial court and jury that there was not some evidence tending to show want of ordinary care in the officers of the compress company in weighing the cotton in question.

It is next contended under this division that the injury or damage complained of was not the natural and proximate result of negligence of the compress company. In view of the testimony of the plaintiffs that there was a general custom governing the seller and purchaser of cotton that the compress weights should govern in the final settlement. or, in other words, that the sale was made, and that the compress weights should govern and be conclusive between the parties on the final settlement, and the further fact that the manager of the compress admitted knowledge of this custom, and that he knew it was generally true that such was the case, we are not prepared to say that, if the officers of the company were guilty of negligence or want of ordinary care in the weighing of the cotton and as a result thereof plaintiff was damaged in the amount sued for, said damage was not the natural and proximate result of such negligence. To accept the law as shown from the questions made by counsel for plaintiff in error as the true rule, we are of the opinion that the court committed no error in refusing to hold as a matter of law, as contended for by counsel for plaintiff in

error, that the injury complained of was not the proximate result of the negligence of the plaintiff in error.

Under division 4, counsel present assignments 6, 7 and 9. These assignments complain of error of the court in refusing to give certain special requested instructions. We have examined the instructions presented and also those given by the court, and we are of the opinion that the court did not err in refusing to give instructions requested, for the reason that the same propositions were fairly covered by the court in its general instructions, and this conclusion would also result in holding that the court did not err in the instructions given.

It is unnecessary to discuss further the error of the court in refusing to peremptorily instruct the jury to return a verdict for plaintiff in error, in that we have held that there was sufficient evidence to carry the issue to the jury upon the theories of the respective parties.

From our conclusion herein, it results that the judgment of the trial court should be affirmed; and it is so recommended.

By the Court: It is so ordered.